Torrance L. Coburn
TIPP & BULEY, P.C.
2200 Brooks Street – P.O. Box 3778
Missoula, MT 59806-3778
Telephone:  (406) 549-5186
Facsimile:  (406) 721-1892
torrance@tippandbuley.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| CARRIE HOSKIN, | CV 15-62-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

Plaintiff Carrie Hoskin ("Hoskin") respectfully submits this brief in support of her Motion for Partial Summary Judgment, requesting this Court (1) find that the Defendant's termination of Hoskin's employment was wrongful and (2) dismissing the Defendant's affirmative defense that Hoskin failed to take reasonable steps to mitigate her damages.

## I.  Factual Background

On October 29, 2014, Hoskin purchased a dryer from Lowe's. Statement of Undisputed Facts ¶ 4 ("SUF").  The price for this dryer, after Hoskin's employee discount, was $116.82.  However, the dryer proved to be

1

defective. *Id.* Thereafter, on November 6, 2014, Hoskin sought to exchange the defective dryer she had previously purchased with a different dryer from Lowe's. *Id* at ¶5.

Phil Bartzer, an Appliance Specialist at Lowe's, performed the exchange of Hoskin's defective dryer for a new dryer. *Id* at ¶ 6. Although, the price of the new dryer was more than the $116.82 that Hoskin paid for the defective dryer, Bartzer exchanged the dryers as a "straight across swap", reducing the price of the new dryer to the price of defective dryer purchased by Hoskin. *Id* at ¶ 7. Bartzer received authorization from Connie Crawford, a Lowe's Assistant Store Manager, to perform the "straight across swap" of the dryers for Hoskin, reducing the price of the new dryer received by Hoskin to the price of defective dryer purchased by Hoskin. *Id* at ¶¶ 10-11. At the request of Bartzer, Adam Cowan (Lowe's manager of lumber and building materials) completed the price override reducing the price of the new dryer received by Hoskin. *Id* at ¶¶ 8, 12. Carrie Hoskin was not present when the price override was completed. *Id* at ¶ 12.

Despite the fact that Lowe's management had authorized the above-described "straight across swap" of the defective dryer for the new dryer, Lowe's terminated Hoskin's employment on December 16, 2014. *Id* at ¶¶ 1, 9. Although Bartzer received authorization to reduce the price of Hoskin's

new dryer, Lowe's stated grounds for Hoskin's termination was that the "straight across swap" of the defective dryer for the new dryer was unauthorized, and that Lowe's management instead required Hoskin to pay the difference in the prices. *Id* at 9.

While Hoskin was terminated because of this transaction, Phil Bartzer was only issued a written warning for his act of reducing the price of the new dryer that was sold to Hoskin. *Id* at 13. In the month and ten days between the exchange of the dryers and Hoskin's termination, Lowe's never requested that Hoskin pay the difference between the price of the defective dryer and the new dryer she received. *Id* at 15. Prior to Hoskin's termination, she had completed Lowe's probationary period of employment. *Id* at ¶ 2.

## II. Argument

### a. Summary Judgment Standard

Summary judgment should be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial responsibility, the burden then shifts to the opposing party, who must demonstrate that a fact in contention is *material*, that is, a fact that might affect the outcome of the suit under the governing law, and that the dispute about a material fact is *genuine*, that there is sufficient evidence for the nonmoving party that a reasonable jury could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986). If the nonmoving party fails to make this showing with admissible, probative evidence, the moving party is entitled to judgment as a matter of law. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). If a party fails to offer proof of any element of its claim or affirmative defense, it must fail and summary judgment dismissing the claim or defense is proper. See *Dubiel v. Montana Department of Transportation*, 2012 MT 35, ¶¶12, 18-19, 364 Mont. 175, 272 P.3d 66 (holding dismissal of a plaintiff's negligence claim proper when the plaintiff failed to offer the necessary proof of standard of care).

### b. Lowe's did not have good cause to terminate Hoskin's employment, as its stated grounds for termination are false.

Carrie Hoskin was terminated from Lowe's for allegedly receiving an unauthorized markdown of Lowe's merchandise, namely a dryer, during an exchange to replace a defective dryer she previously purchased. However, it cannot be disputed that the markdown of the dryer **was authorized**, as Phil Bartzer, the employee that processed the markdown and exchange, received specific authorization from Lowe's management to perform markdown and exchange. As such, Lowe's reason for terminating Hoskin's employment is false and cannot constitute good cause for termination.

> The discharge of an employee is wrongful if:
> a. [The discharge] was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;
> b. the discharge was not for good cause and the employee had completed the employer's probationary period of employment; or
> c. the employer violated the express provisions of its own personnel policy.

Mont. Code Ann. § 39-2-904(1).

"Good cause", as used in Montana Code Annotated § 39-2-904, is defined as "reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason." Mont. Code Ann. § 39-2-903(5). In order to constitute a legitimate business reason for termination, the reason must be "**neither false**, whimsical, arbitrary or capricious, and it must have some

5

logical relationship to the needs of the business." *Johnson v. Costco Wholesale*, 2007 MT 43, ¶23, 336 Mont. 105, ¶23, 152 P.3d 727, ¶23 (quoting *Kestell v. Heritage Health Care Corp.*, 259 Mont. 518, 525, 858 P.2d 3, 7 (1993)) (emphasis added).

In the present case, the undisputed facts conclusively demonstrate that Lowe's stated grounds for terminating Hoskin's employment are **false**. Lowe's stated grounds for termination are that in exchanging her defective dryer for a new, replacement dryer, Hoskin failed to follow Lowe's management's requirements that she pay the difference between the price of the defective dryer and the replacement dryer. However, Hoskin did not actually process the exchange of the dryers, nor did she perform the price reduction of the replacement dryer. Instead, the price reduction of the replacement dryer was performed by Phil Bartzer, and only after he received specific authorization from Lowe's management (namely Connie Crawford) to reduce the price of the replacement dryer to the price of the defective dryer. Phil Bartzer and Adam Cowan, both current Lowe's employees, testified under oath that this price reduction was authorized by Lowe's.

As the undisputed facts demonstrate that Hoskin did not process, or otherwise benefit from an unauthorized transaction as alleged by Lowe's, Lowe's stated grounds for terminating Hoskin's employment are false.

Therefore, these false grounds for termination cannot constitute good cause for termination under Montana law. Furthermore, as Hoskin had completed her probationary period of employment at the time of her termination, she could only be terminated for good cause. Therefore, since Lowe's false grounds for terminating Hoskin's employment do not provide good cause for her termination, and because she had completed her probationary period of employment, this Court should determine that Lowe's discharge of Hoskin was wrongful as a matter of law.

### c. Lowe's affirmative defense of failure to mitigate damages should be dismissed, as Lowe's has failed to offer any evidence or proof supporting its defense.

In the present case, Lowe's raised an affirmative defense of failure to mitigate damages, stating "Plaintiff claims are barred in whole or in part to the extent that Plaintiff has failed to take reasonable steps to mitigate her damages." Defendant's Answer to Complaint and Demand For Jury Trial ¶ 10 (Dkt. 3). Hoskin served Lowe's with discovery requests in this matter. Within these discovery requests was "Interrogatory No. 8" which was as follows:

> Interrogatory No. 8: The Defendant's Answer herein alleges that "Plaintiff claims are barred in whole or in part to the extent that Plaintiff has failed to take reasonable steps to mitigate her damages." Please state all facts relied upon by the Defendant in making the above-quoted statement.

7

SUF ¶ 15.

On September 30, 2015, Lowe's served Hoskin with its Response to Plaintiff's First Set of Combined Discovery. In response to Plaintiff's Interrogatory No. 8 set forth above, Lowe's responded:

> This defense has been interposed so that Lowe's may assert that Plaintiff's damages are barred in whole or in part "to the extent" she did not mitigate her damages. At this point, Lowe's does not have the facts to determine whether she has or has not made reasonable efforts to mitigate her damages. This response will be supplemented.
> SUF ¶ 16.

Pursuant to this Court's Order setting forth the schedule in this matter, discovery closed on March 31, 2016. SUF ¶ 19. To date Lowes has not supplemented its response to provide facts supporting its affirmative defense, nor has it provided any documents to support this defense. SUF ¶¶ 17, 18.

As an affirmative defense, Lowe's has the burden of establishing facts proving its failure to mitigate defense. *Cromwell v. Victor School Dist. No. 7*, 2006 MT 17, ¶ 25, 333 Mont. 1, 140 P.3d 487. If a party cannot, or does not, offer proof of any element of a defense, the defense must fail and summary judgment dismissing the same is proper. *Dubiel v. Montana*

*Department of Transportation*, 2012 MT 35, ¶¶12, 18-19, 364 Mont. 175, 272 P.3d 66

As demonstrated by Lowe's own responses to Hoskin's discovery requests, it has no evidence to offer as proof for its failure to mitigate affirmative defense.  If Lowe's possessed facts and/or documentation to support its affirmative defense, the Montana Rules of Civil Procedure requires that they be produced in response to discovery requests seeking the same.  Without factual support, Lowe's cannot prove its affirmative defenses; therefore, summary judgment should be granted dismissing the Lowe's failure to mitigate affirmative defense.  *Dubiel*, 2012 MT at ¶¶12, 18-19.

### III.   Conclusion

For the reasons set forth above, Carrie Hoskin respectfully requests that this Court grant her partial summary judgment in this matter, finding that Lowe's termination of Hoskin's employment was wrongful under the Montana Wrongful Discharge from Employment Act, and dismissing Lowe's failure to mitigate damages affirmative defense.

DATED this 22nd day of April, 2016.

          TIPP & BULEY, P.C.

          By:  /s/ Torrance L. Coburn
          Torrance L. Coburn
          2200 Brooks Street
          P.O. Box 3778
          Missoula, MT 59806-3778

          *Attorneys for Plaintiff Carrie Hoskin*

### CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this Brief is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word is 1, 788 words long, excluding the Caption, Certificate of Service and Certificate of Compliance.

          TIPP & BULEY, P.C.

          By:  /s/ Torrance L. Coburn

          *Attorneys for Plaintiff Carrie Hoskin*

CERTIFICATE OF SERVICE

    I hereby certify that, on this 22nd day of April, 2016, a copy of the foregoing document was served on the following persons by the following means:

<u>1</u>        CM/ECF

  1. John G. Crist

                                  By <u>/s/ Torrance L. Coburn</u>
                                      TIPP & BULEY, P.C.