Torrance L. Coburn
TIPP & BULEY, P.C.
2200 Brooks Street – P.O. Box 3778
Missoula, MT 59806-3778
Telephone:  (406) 549-5186
Facsimile:  (406) 721-1892
torrance@tippandbuley.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| CARRIE HOSKIN, | CV 15-62-M-DLC |
|---|---|
| Plaintiff, | |
| vs. | STATEMENT OF UNDISPUTED FACTS |
| LOWE'S HOME CENTERS, LLC, | |
| Defendant. | |

Pursuant to L.R. 56.1(a), the Plaintiff Carrie Hoskin, through counsel, respectfully submits this Statement of Undisputed Facts in support of her Motion for Partial Summary Judgment:

1. Carrie Hoskin (Hoskin) was employed by Lowe's Home Centers, LLC (Lowe's) from October 2006 through December 16, 2014.  Statement of Stipulated Facts at ¶ 5, (Dkt.10).

2. Prior to Hoskin's termination, she had completed Lowe's probationary period of employment. Id at ¶ 6.

1

3. Lowe's did not maintain written internal procedures under which Hoskin could have appealed her discharge, as contemplated by Montana Code Annotated § 39-2-911.  *Id* at ¶ 8.

4. On October 29, 2014, Hoskin purchased a dryer from Lowe's.  Hoskin Dep. at 66:22-67:1 (*see* attached hereto as Exhibit A).  The price for this dryer, after Hoskin's employee discount, was $116.82.  However, the dryer proved to be defective.  *Id* at 67:23-68:8, Dep. Ex. 13 (*see* attached hereto as Exhibit B).

5. Thereafter, on November 6, 2014, Hoskin sought to exchange the defective dryer she had previously purchased with a different dryer from Lowe's.  *Id* at 68:12-15.

6. Phil Bartzer, an Appliance Specialist at Lowe's, performed the exchange of Hoskin's defective dryer for a new dryer.  *Id* at 75:5-6, 77:1-79:24; Bartzer Dep. at 11:22-12:5 (*see* attached hereto as Exhibit C).

7. Although the price of the new dryer was more than the $116.82 that Hoskin paid for the defective dryer, Bartzer exchanged the dryers as a "straight across swap", reducing the price of the new dryer to the price of defective dryer purchased by Hoskin.  Ex. A at 78:23-79:24; Ex. C at 23:15-24:18, 34:16-36:12.

8. In order to complete the exchange of the dryers and reduce the price of the new dryer received by Hoskin, a "price override" had to be completed. Adam Cowan, manager of lumber and building materials at Lowe's, completed the price override. Cowan Dep. at 7:21-24, 11:22-12:21 (*see* attached hereto as Exhibit D).

9. On December 16, 2014, Lowe's terminated Hoskin's employment. Lowe's stated grounds for Hoskin's termination was that the "straight across swap" of the defective dryer for the new dryer was unauthorized, and that Lowe's management told Hoskin that she could not simply swap the defective dryer for the new dryer, but that she would be required instead to pay the difference in the prices, and that her failure to do the same was unacceptable. 12/16/14 "Employee Performance Report" (produced by Lowe's in response to discovery requests) (*see* attached hereto as Exhibit E); Defendant's Preliminary Pretrial Statement at § A., (Dkt. 11).

10. Phil Bartzer received authorization from Connie Crawford, a Lowe's Assistant Store Manager, to perform the "straight across swap" of the dryers for Hoskin, reducing the price of the new dryer received by Hoskin to the price of defective dryer purchased by Hoskin. Ex. C at 14:1-15:1, 16:25-17:4, 19:20-25, 23:23-24:17, 34:16-22, 35:13-36:12; Ex. D at 13:4-7, 16:23-17:19.

11. When Connie Crawford authorized Bartzer to perform the above-described swap and price reduction, Crawford specifically authorized Bartzer to reduce the price of the new dryer to match the $116.82 that Hoskin initially paid for the defective dryer.  Ex. C at 34:16-22, 35:13-36:12.

12. Phil Bartzer reduced the price of the new dryer received by Hoskin to the price Hoskin previously paid for the defective dryer.  *Id* at 24:3-8, Ex. A at 79:5-24.

13.  At the request of Phil Bartzer, Adam Cowan completed the price override reducing the price of the new dryer received by Hoskin.  Ex. D at 11:22-12:21.  Carrie Hoskin was not present when the price override was completed.  Id at 13:8-18.

14. Phil Bartzer was issued a written warning for reducing the price of the new dryer received by Hoskin.  Ex. C at 25:12-26:18.

15. In the month and ten days between the exchange of the dryers and Hoskin's termination, Lowe's never requested that Hoskin pay the difference between the price of the defective dryer and the new dryer she received.  Ex. A at 85:2-15.

16. On September 30, 2015, Lowe's served its Responses to Plaintiff's First Combined Discovery Requests.  Defendant Lowe's Home Centers,

LLC's Responses to Plaintiff's First Combined Discovery Requests (*see* Exhibit F).

17. In response to Interrogatory No. 8 requesting that Lowe's provide all facts it relied upon in raising the affirmative defense that Hoskin has failed to take reasonable steps to mitigate her damages, Lowe's responded:

> This defense has been interposed so that Lowe's may assert that Plaintiff's damages are barred in whole or in part "to the extent" she did not mitigate her damages. At this point, Lowe's does not have the facts to determine whether she has or has not made reasonable efforts to mitigate her damages. This response will be supplemented.

*Id* at pg. 6.

18. Lowe's has not supplemented this answer to provide any facts in support of this affirmative defense.

19. Furthermore, Lowe's has not provided any documents supporting this affirmative defense. *Id*.

20. Discovery closed in this matter of March 31, 2016. Order (Dkt. 12).

DATED this 22nd day of April, 2016.

        TIPP & BULEY, P.C.
        By: /s/ Torrance L. Coburn
        Torrance L. Coburn
        2200 Brooks Street
        P.O. Box 3778
        Missoula, MT 59806-3778

        *Attorneys for Plaintiff Carrie Hoskin*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 22nd day of April, 2016, a copy of the foregoing document was served on the following persons by the following means:

<u>1</u>        CM/ECF

1. John G. Crist


                                              By   <u>/s/ Torrance L. Coburn</u>
                                              TIPP & BULEY, P.C.